**NOT FOR PUBLICATION**
File Name: 08a0237n.06
Filed: May 5, 2008

**No. 07-5684**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| HAROLD BROOKS LEASURE, JR., | ) | |
| | ) | |
| Plaintiff - Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| AA ADVANTAGE FORWARDERS, | ) | THE WESTERN DISTRICT OF |
| et al., | ) | KENTUCKY |
| | ) | |
| Defendants - Appellees. | ) | |
| | ) | |

Before: DAUGHTREY, COOK, and FARRIS,[*] Circuit Judges.

PER CURIAM. Harold Brooks Leasure, Jr. brought a civil RICO suit against eleven businesses and six individuals, alleging that they comprised and controlled a RICO enterprise that fraudulently stole Leasure's businesses. The district court granted summary judgment to the defendants on several independent grounds, including an absence of proximate cause. Reviewing de novo and

---

[*] The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

viewing the evidence in the light most favorable to Leasure, *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir. 2000), we affirm.

In June 1999, defendant Coleman American entered into a contract to purchase several moving and storage businesses owned by Leasure. Shortly thereafter, Coleman American discovered that a number of the businesses' accounts receivable were uncollectible. Coleman American brought suit against Leasure in the Circuit Court of Christian County, Kentucky, arguing that Leasure misrepresented his businesses' accounts receivable. Coleman American prevailed on fraud and breach of contract claims. Leasure then brought this civil RICO suit.

To sustain a civil RICO action, 18 U.S.C. § 1964(c), the plaintiff must show that "the alleged violation led directly to the plaintiff's injuries." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006). Leasure asserts that he was injured because the defendants acquired his businesses by fraud. He also alleges that defendant Coleman American brought a fraudulent lawsuit against him in state court and argues, somewhat inconsistently, that (1) Coleman American's lawsuit was based on records falsified by Coleman American, and (2) that Coleman American knew that Leasure had miscalculated the accounts receivable before it purchased the businesses, but purchased the businesses anyway so that it could exact a large money judgment from Leasure.

The only record evidence that Leasure cites to support this theory is a statement made by Richard Cundith, Coleman American's accountant. During the state court proceeding, Cundith testified that he advised Coleman American against purchasing Leasure's businesses because the businesses had no formal set of records. Though this might show that the defendants were aware that some of Leasure's representations might have been inaccurate, it does not support an inference that the defendants knew that some of Leasure's accounts receivable would be uncollectible.

Leasure also suggests that the short time frame between the sale and the filing of Coleman American's state lawsuit shows that the defendants knew about the inaccuracies in Leasure's disclosures before the sale. Nothing supports this inference. To the contrary, the record shows that Coleman American only discovered the inaccuracies after it purchased Leasure's businesses and unsuccessfully attempted to collect on certain accounts.

**AFFIRMED.**